# Dyer, Appellant, *v.* Philadelphia et al.

*Municipalities—Land dedicated to public use—Park—Special right in plaintiff.*

1. A bill in equity against a city to compel the restoration of a public square through which streets had been cut, and over which trolley tracks had been laid, will be dismissed, where it is claimed that the land had been dedicated to the city by William Penn "for the like uses as the Moorfields are in London," but no competent evidence is produced to show how the "Moorfields in London" were used, or in what respect the dedication of the square had been violated.

2. If the plaintiff in such bill shows no special right in himself to maintain the bill, it is properly dismissed.

Argued January 8, 1923.    Appeal, No. 139, Jan. T., 1923, by plaintiff, from decree of C. P. No. 5, Phila. Co., Dec. T., 1919, No. 1435, dismissing bill in equity, in case of Henry C. Dyer v. Philadelphia and Thomas B. Smith, Mayor, et al.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.    Affirmed.

Bill in equity for mandatory injunction.    Before STAAKE, J.

The opinion of the Supreme Court states the facts.

Bill dismissed.    Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*R. P. Shick,* for appellant, cited: Com. v. Alburger, 1 Wharton 469; Baird v. Rice, 63 Pa. 489.

*T. S. Paul* and *Ernest Lowenbrund,* Assistant City Solicitor, with them, *Joseph G. Magee,* Assistant City Solicitor, *David J. Smyth,* City Solicitor, *Ballard, Spahr, Andrews & Madeira,* for Philadelphia Rapid Transit Co., and *G. W. Pepper,* Park Solicitor, for appellees, cited as to the standing of plaintiff: Schlanger v. Boro., 261

Pa. 605; Buck Mountain Coal Co. v. Coal & Nav. Co., 50 Pa. 91; Sparhawk v. Union Pass. Ry., 54 Pa. 401; Society of the Cincinnati's App., 154 Pa. 621.

PER CURIAM, February 12, 1923:

A bill in equity was filed by plaintiff, as a citizen and taxpayer of Philadelphia, against the municipality and certain of its officials, the commissioners of Fairmount Park, and the Philadelphia Rapid Transit Co., praying for a mandatory injunction compelling defendants to restore conditions which existed in Logan Square before its recent reconstruction in connection with the Parkway improvement.

The bill describes the bounds of Logan Square and avers the land was dedicated to the public by William Penn in 1683, "for the like uses as the Moorfields are in London," and that ever since, until 1918, it had been used by the public as an open place for rest, recreation and air. The principal complaint is that defendants, acting through the park commissioners, used part of the square for two circular roadways, and opened through it a cross street, with trolley tracks, thereby encroaching on the original restricted dedication of William Penn.

After demurrers were filed and overruled, defendants answered that the present Logan Square was not as originally planned by Penn, and if there had been any dedication of the present square, such as plaintiff averred, the improvements complained of were clearly within the terms of that dedication, and had been carried out by a duly authorized body. Defendants further contended, as a matter of law, that plaintiff had no standing to maintain the bill, which properly could be brought by the attorney general alone; and they made other contentions, not necessary to mention.

The court below dismissed the bill because of complainant's failure to show a violation of any dedication or lack of authority in the park commission, and sus-

tained other contentions of defendants; this appeal followed.

The only evidence introduced to prove the alleged restricted dedication was certain excerpts from prior opinions of this court, wherein the uses of the Moorfields of London, in Penn's time (1682), were inquired into. We agree with the views of the court below that "although the opinions thus offered declare the law, they are not evidence that can be used to establish the existence of the facts to which they refer"; and that, even if they had any bearing on the case before us, they would tend to prove that parts of "Logan Square may be used for a thoroughfare or for ornamentation under the direction of the proper officials." In short, no competent evidence was produced to show how the "Moorfields in London" were used, or in what respects the dedication of Logan Square was violated; in addition, plaintiff showed no special right in himself to maintain the bill, which was properly dismissed.

The order appealed from is affirmed at cost of appellant.