492 A.2d 436

**COMMONWEALTH of Pennsylvania**

v.

**Marlin EBERSOLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1985.

Filed April 26, 1985.

Petition for Allowance of Appeal Denied Oct. 7, 1985.

152

Joseph J. Huss, Harrisburg, for appellant.

Katherene E. Holtzinger-Conner, Deputy Dist. Atty., Harrisburg, for Commonwealth, appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This is an appeal from a judgment of sentence entered on February 15, 1984, by the Honorable William W. Lipsett of the Dauphin County Court of Common Pleas. The first issue raised by the appellant concerns whether his arrest was in violation of the Municipal Police Jurisdiction Act, 42 Pa.C.S.A. § 8951, et seq. Our disposition of that issue is determinative of the second issue, which is whether the lower court erred in refusing to suppress inculpatory statements made by the appellant following his arrest.

On November 26, 1982, Officer David Teel of the Harrisburg Police Department went to the Cumberland County Prison located in the Borough of Carlisle. His purpose in going to Carlisle was to serve an arrest warrant upon the appellant, who was being held in the Cumberland County facility in lieu of bail on charges lodged against him in that county. The arrest warrant which Officer Teel had in his possession had been issued by Dauphin County District Justice Joseph Pinamonti, and it resulted from an alleged

misdemeanor theft by receiving stolen property offense committed in Harrisburg, Dauphin County.

Upon his arrival at the Cumberland County Prison, Officer Teel spoke to Sergeant John Short, who was the shift supervisor on duty. Officer Teel showed him the warrant for the appellant's arrest. No attempt was made by either Teel or Short to contact the local police department or any of Short's supervisors at the prison in connection with Officer Teel's request for the appellant. Nevertheless, Short consented to surrender the appellant to Officer Teel.

Officer Teel transported the appellant to a Cumberland County District Justice for the purpose of a bail hearing. He then transported the appellant to the office of District Justice Joseph Pinamonti, who was the issuing authority with respect to the arrest warrant in question. The District Justice preliminarily arraigned the appellant in connection with the receiving stolen property charge.

Following the preliminary arraignment, Officer Teel transported the appellant to the Harrisburg Police Department where he was interrogated. During the course of the interrogation, and following his execution of a written waiver of his Miranda Rights, the appellant admitted his involvement in an incident which was unrelated to that for which he had been arrested. This second incident involved the "mugging" of a woman in Harrisburg. Based upon the appellant's statements, Officer Teel procured warrants charging him with robbery, indecent assault, and theft by unlawful taking.

The first issue raised by the appellant and preserved for review by this Court is whether his arrest was unlawful due to Officer Teel's failure to comply with the requirements of the Municipal Police Jurisdiction Act when he served the arrest warrant upon the appellant in the Cumberland County Prison. The appellant's challenge to the arrest is based on Section 8953(a)(1) of the act, which provides as follows:

(a) General rule.—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the

power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

(1) Where the officer is acting pursuant to an order issued by a court of record or an order issued by a district magistrate whose magisterial district is located within the judicial district wherein the officer's primary jurisdiction is situated, or where the officer is otherwise acting pursuant to the requirements of the Pennsylvania Rules of Criminal Procedure, *except that the service of an arrest or search warrant shall require the consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which regularly provides primary police services in the municipality wherein the warrant is to be served.* (Emphasis-ours)

It is the appellant's contention that the exception emphasized above is applicable in this case and that his arrest was, therefore, unlawful because Officer Teel had not obtained the consent of the Chief of Police in Carlisle before serving the warrant upon him. The Commonwealth has taken the position that the arresting officer did comply with the letter and intent of the statute by obtaining permission for the arrest from an authorized agent of the prison warden, who is the chief law enforcement officer in the prison. Our courts have not previously had occasion to address this particular statutory provision. Therefore, we have no precedent upon which to base our decision. The cases cited by the appellant are inapposite since they do not address this particular statutory provision. After a careful consideration of the statute, we have determined that the Commonwealth is correct.

In order to reach the conclusion reached by the appellant, one would have to apply a strict, literal construction to the statute. However, the rules of statutory construction, 1 Pa.C.S.A. § 1921 et seq., provide otherwise.

We must first point out that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). Secondly, in ascertaining that intention, we must note that this statute does not fall within the classes of statutes which are to be strictly construed. *See* 1 Pa.C.S.A. § 1928(b). This statute, therefore, must be liberally construed to effect its objects and to promote justice. 1 Pa.C.S.A. § 1928(c).

A careful reading of the subject statute reveals that its purpose is to provide police officers with authority to make arrests outside of their primary jurisdictions in limited situations. In providing for such authority, the statute also insures that police departments will be kept apprised, to the greatest possible extent, of action taken in the municipality by police from outside the jurisdiction. Therefore, it is clear that one of the goals of the legislature in enacting the statute was to promote a cohesive working relationship among municipal police departments.

Section 8953(a)(1) does not specifically address the procedure to be followed when an arrest warrant is to be served upon one being held in a county prison. Clearly, if the appellant had been residing at a place in Carlisle other than the county prison, Officer Teel would have been required to obtain the consent of the Chief of Police before serving the warrant. However, the fact which is determinative of the outcome of this case is that the appellant was being held in the county prison. The Carlisle Police, even if they had been notified, would have had no authority to consent to the appellant's arrest and release from the prison. Officer Teel would still have been required to obtain the consent of the warden or another officer at the prison. We do not believe that the legislature intended to require police officers to take this intermediate step under these circumstances, particularly since the purpose of the statute is effectuated by requiring them to obtain the consent of prison officials.

We hold that Section 8953(a)(1), when liberally construed, requires a police officer who is outside of his pri-

mary jurisdiction to obtain the consent of the county prison warden, or one authorized by him to give consent, before serving an arrest warrant upon one being held in a county prison. It does not require the police officer to obtain the consent of the chief law enforcement officer of the municipality in which the prison is located.

■ Applying the statute as we have construed it to the facts of this case, we find that the appellant's arrest was lawful. Before serving the arrest warrant upon the appellant, Officer Teel obtained the consent of Sergeant John Short who was the shift supervisor on duty. Sergeant Short testified that he had been authorized to consent to such arrests by his supervisor, Mr. Powers, who is the director of Daily Operations at the prison. Likewise, Mr. Powers testified that the warden had delegated the authority to him and he, in turn, delegated it to the shift supervisors. It is clear, therefore, that Officer Teel had obtained the properly authorized consent.

Having determined that the arrest was lawful, the appellant's contention that the statements made by him following the arrest should have been suppressed is without merit.

Judgment of sentence affirmed.

LIPEZ, J., concurs in the result.