502 A.2d 613

**COMMONWEALTH of Pennsylvania**

v.

**Michael A. FISCHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 3, 1985.

Filed Dec. 13, 1985.

Michael R. Muth, Public Defender, Bradford, for appellant.

John B. Dunn, Assistant District Attorney, Stroudsburg, for Com., appellee.

Before JOHNSON, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence entered after a jury trial in which appellant was found guilty of Burglary, Theft, Receiving Stolen Property, Criminal Mischief and Criminal Conspiracy.[1] Post-verdict motions were denied and a sentence of four to eight years was imposed. This appeal followed.

The question at issue is whether the police in this case had the authority under 42 Pa.C.S.A. § 8953(a)(2)[2], the

---

1. 18 Pa.C.S.A. §§ 3502, 3921, 3925, 3304, and 903, respectively.
2. Act of June 15, 1982, P.L. 512, No. 141, § 4, effective in 60 days.

Municipal Police Jurisdiction Act, to pursue a van driven by appellant into a neighboring jurisdiction for the purpose of investigation which then led to the arrest of the van's occupants and the seizure of contraband found in the van. If we find that the facts known to the police in the course of their pursuit amounted to probable cause that a crime had been committed in their primary jurisdiction, only then may we conclude that the police acted within their authority when they left their primary jurisdiction.

█ When reviewing the ruling of a suppression court, we must first determine whether the factual findings can be supported by the record. If so, we are bound by those facts. We may not substitute our own findings for those of the suppression court. However, conversely, we are not bound by findings which have no support in the record. Thus, we are to consider only the evidence of the prosecution witnesses and so much of the defense evidence as fairly read remains, as a whole, uncontradicted in the record. *Commonwealth v. Hamlin*, 503 Pa. 210, 215–16, 469 A.2d 137, 139 (1983). *See also, Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976); *Commonwealth v. Goodwin*, 460 Pa. 516, 333 A.2d 892 (1975).

So viewed, the facts elicited at the suppression hearing established that on the night of January 24, 1984, Officers Anthony Fluegel and Daryl Feller were patrolling Bush Mountain Acres development in Coolbaugh Township, Monroe County. The police had increased patrols in the area because six burglaries had been reported in the previous three weeks. As a result of the robberies, the police had made it a point to know which residents were at home and which were not among the thirty-three homes in the development.

At about 12:45. a.m., on January 25, while on routine patrol, Sergeant Fluegel and Officer Feller observed fresh tire marks in the snow of the driveway of the Passero residence. Since they knew these residents were not at home, they were about to investigate, when they observed a light through the woods on an adjoining roadway. They

proceeded to check the source of the light, without discovering that the Passero residence had in fact been burglarized. They eventually passed a white van headed towards the Passero home. As they passed the van on the narrow, snowy road, the police noticed several articles, including two pairs of skis, in the rear of the van and at least two occupants. The van accelerated despite the icy and foggy conditions. The police turned around and without siren or lights gave pursuit, and after chasing the van several miles, brought it to a stop in neighboring Barrett Township. Sergeant Fluegel testified at the suppression hearing that when the vehicle was stopped, the occupants were not free to leave, and that he observed the driver switch positions with one of the passengers. *Miranda* warnings were given to all occupants. After occupants told of several conflicting stories, one of which inculpated all six occupants of the van in the Passero burglary, the occupants were placed under arrest and the van was searched.

Appellant contends that the police were outside their jurisdiction and without probable cause when they pursued him and the other defendants. Since 42 Pa.C.S.A. § 8953(a)(2) requires probable cause for the police to pursue outside their jurisdiction, the arrest, appellant contends, was illegal and all evidence obtained and statements made should have been suppressed.

■ The authority of a police officer to act beyond his territorial limits is determined by the provisions of Section 8953, which became effective August 14, 1982. Section 8953(a)(2) reads:

[a]ny duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases: ... (2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has

probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

Thus for the police to pursue any person outside their jurisdiction they must first have probable cause to believe a crime had been committed within their own jurisdiction. Judge Hoffman, speaking for the court in *Commonwealth v. Montgomery*, 341 Pa.Super. 573, 580, 492 A.2d 14, 18 (1985) had occasion to comment upon the statute presently before us and the one which it replaced. He observed:

We believe that the legislative intent was to authorize police pursuit of suspects into another jurisdiction for the purpose of *arresting* them. Therefore, the police must have probable cause sufficient to effect a legal arrest before they pursue. There is no statutory authority providing for extra-territorial *detention* for investigative purposes.... Moreover, we note that § 8953(a)(2), which replaced § 8901 in August of 1982, expressly authorizes extra-territorial 'hot pursuit [by police] of any person for any offense which was committed, *or which he has probable cause to believe was committed,* within his primary jurisdiction ...' 42 Pa.C.S.A. § 8953(a)(2) (1982) (emphasis added). The revised provision, we think, makes it clear that, before the police can pursue a suspect into another jurisdiction, they must either know or have probable cause to believe that the suspect committed an offense within their jurisdiction. (footnote omitted) (emphasis in original).

*Id.*, 341 Pa.Superior Ct. at 580, 492 A.2d at 18.

The issue then revolves around the presence of probable cause under the facts of the instant appeal.[3]

Following the suppression hearing the court made the following findings of fact:

**3.** Indeed the Commonwealth does not argue that 42 Pa.C.S.A. § 8953(a)(2) allows less than probable cause for the police to pursue suspects outside their primary jurisdiction.

The police knew 1) six burglaries had recently occurred; 2) the Passero home was unoccupied; 3) there were no tire marks at 9:50 p.m. on January 24, 1984; 4) that there were tire marks by 12:45 a.m.; in addition, 5) the police saw a van with articles of personal property; 6) they had reason to connect the van to the tire marks because they saw the tire marks and the van at nearly the same time; 7) they saw the van increase speed when it passed the police car; 8) they knew the van contained property often stolen in burglaries; 9) they knew it was unusual for a van containing such articles to be operating at that hour in a residential development. Lower court opinion at 5.

From these facts, the suppression court found that there was probable cause. We disagree.

A reviewing court is not free to reverse a suppression court unless its findings lack support in the record or its legal conclusions drawn are in error. *Commonwealth v. Hall,* 475 Pa. 482, 485–86, 380 A.2d 1238, 1240 (1977). While the suppression court's factual findings are supported by the record, we are constrained to conclude that those facts do not give rise to probable cause to arrest.

The crucial test in determining the presence of probable cause is whether 'the facts and circumstances known to the police or about which they have reasonably trustworthy information at the time of the arrest ... would warrant a person of reasonable caution in believing the suspect has committed or is committing a crime.' *Commonwealth v. Bartlett,* 486 Pa. 396, 400, 406 A.2d 340, 341 (1979); *Commonwealth v. Stokes,* 480 Pa. 38, 389 A.2d 74 (1978); *Commonwealth v. Pytak,* 278 Pa.Superior Ct. 476, 420 A.2d 640 (1980).

*Commonwealth v. Rutigliano,* 310 Pa.Super. 364, 369, 456 A.2d 654, 657 (1983). *See also Commonwealth v. De Fleminque,* 450 Pa. 163, 165, 299 A.2d 246, 247 (1973).

In *Commonwealth v. Bunch,* 329 Pa.Super. 101, 477 A.2d 1372 (1984), this court concluded that probable cause existed for a state trooper to arrest four occupants of a car based upon the facts he possessed. In that case the trooper had a

report that three black males had committed an armed robbery with a gun. He had a detailed description of the car and its registration number. When he saw the car in the general area where the robbery had occurred, it was nearly three and one-half hours after the criminal act was reported. As the trooper followed the car, he observed the occupants in the back seat lean forward and move their shoulders as though they were removing or putting something between their legs. The fact that there were, by this time, four black males in the car was not significant to the existence of probable cause. We held that it was reasonable for the trooper to conclude he had probable cause to arrest all four men. *Id.*, 329 Pa.Superior Ct. at 112, 477 A.2d at 1378. Moreover, in that same opinion, we examined two other cases for the existence of probable cause. We found in *Commonwealth v. Rutigliano, supra,* that the arresting officer had probable cause based upon his knowledge that a burglary had occurred. He also possessed a detailed description of the vehicle with its license plate number and knew it contained two male occupants. The second case we examined was *Commonwealth v. Jones,* 233 Pa.Super. 461, 335 A.2d 789 (1975). We found there the arresting officer had probable cause based upon his knowledge of a crime. He had a description of the car which included color and the first three digits of the license plate, and he knew that two black males had been involved in the crime. The car was stopped six blocks from the crime scene and an hour after the radio report on it.

■ These cases and others we reviewed all involved the police knowing that a crime of some sort had occurred or was occurring. This is a requisite of probable cause for the police to arrest. There must be some fact or information, reasonably trustworthy, which would warrant a reasonable person to believe that a crime has or is occurring. This is a fundamental element for probable cause which we find lacking in the instant appeal. *Commonwealth v. Rutigliano, supra.*

■ In the instant appeal, Officers Fluegel and Feller did not know that any crime had occurred on the evening in question. They had nothing to connect the van's occupants to any of the six previous burglaries. The officers had no fact to connect the van's tires to the tire tracks at the Passero residence driveway. They could have been made by any vehicle. No impression of these tracks was taken because they were in snow. On cross-examination at the suppression hearing both officers could admit to little more than suspicion. Officer Feller testifed on cross-examination:

Q. What was the reason that the van was stopped?

A. Because of the observations that had been noted, the large number—the several number of occupants in the van, the items in the back, the remoteness of the area, where the van had been spotted, the fact that there had been six burglaries in that immediate area within the past three weeks. . . .

Q. It was stopped because of the suspicions you and the Sergeant had concerning a possible burglary?

A. Again, after the tire tracks in the driveway.

On cross-examination Sergeant Fluegel testified:

Q. Sergeant, you did not stop the vehicle because of a motor vehicle violation, is that correct?

A. No, we did not. We stopped the vehicle because of the suspicous activity. There was a motor vehicle violation.

Q. But that was not why you stopped them.

A. That's not why we stopped them. . . .

"Suspicion is not a substitute for probable cause as grounds for an arrest or search and seizure." *Commonwealth v. Kelly*, 487 Pa. 174, 178, 409 A.2d 21, 23 (1979).

We fail to see any facts here which would alert a reasonable person that a crime has been committed by appellants. Suspicious conduct and thorough police work do not combine to allow probable cause. The learned court below erred in concluding otherwise. Accordingly, the police were

without authority to pursue and arrest outside their jurisdiction based upon the language contained in Section 8953(a)(2). Thus the evidence seized incident to that arrest should have been suppressed.

Cases of this nature are often hard to rule upon, however, that is what we must do. Just recently this court decided a difficult issue in *Commonwealth v. Mlinarich*, 345 Pa.Super. 269, 283, 498 A.2d 395, 402 (1985) where we wrote "... we are not free to ignore [legislative] judgment or redefine the law to meet new and different concepts of justice according to our own philosophical beliefs." With that vision in mind ...

Judgment of sentence reversed and a new trial granted. Jurisdiction relinquished.