514 A.2d 626

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Douglas Keith ROBERTS.**

Superior Court of Pennsylvania.

Argued April 29, 1986.

Filed Sept. 5, 1986.

310

---

Donna Jean McClelland, Assistant District Attorney, Pittsburgh, for Com., appellant.

Joseph R. Govi, Greensburg, for appellee.

Before DEL SOLE, MONTEMURO and POPOVICH, JJ.

DEL SOLE, Judge:

This is an appeal by the Commonwealth from an order suppressing the results of field sobriety tests, an intoxilyzer examination and statements made by Appellee to the police.

The facts as found by the trial court may be briefly summarized as follows.

On the evening of June 29th, 1984, a Westmoreland County park police officer observed a vehicle being operated in an erratic manner on Route 356 which is a public highway and not within the confines of the County park system. Believing the operator to be under the influence of alcohol, the park police officer radioed the Allegheny Township Police Department advising the Department that he was following a suspected drunk driver. The Township police advised the officer to pull the driver over and that the Township police would be there at once. The officer stopped the vehicle, directed the driver to turn off his engine and be prepared to provide his card to the Township police who the driver was advised would be arriving shortly. The Township police arrived and had the driver perform a sobriety test and noted a statement made by the driver. Subsequently, the driver was given an intoxilyzer test.

Appellee, the driver, was charged with two counts of Driving While Under the Influence of Alcohol; 75 Pa.C.S.A. § 3731(a)(1) and 75 Pa.C.S.A. § 3731(a)(4). Appellee moved to suppress the results of the field sobriety tests, intoxilyzer examination and statement made to the police. Following a hearing on the motion the court made findings of fact as summarized above and thereafter entered conclusions of law. The court concluded that stopping Appellee and advising him to await the arrival of the Township Police constituted an arrest. The arrest was outside the jurisdiction of the park policeman and 42 Pa.C.S.A. § 8953(a)(3) does not confer jurisdiction on the park policeman. The court determined that park police do not have jurisdiction to enforce the motor vehicle code on public highways outside of the park system and municipal police officers cannot empower

park police to perform arrests they are otherwise without authority to make.

> In the first instance, it is noteworthy that the Commonwealth's appeal of a suppression order is proper as an appeal from a final order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution. *Commonwealth v. Dugger,* 506 Pa. 537, 546–547, 486 A.2d 382, 386 (1985). Since the certification requirement has been satisfied, we find that the Commonwealth has an absolute right of appeal to this Court to test the validity of the pre-trial suppression order.

*Commonwealth v. Pelkey,* 349 Pa.Super. 373, 377, 503 A.2d 414, 415–416 (1985).

With respect to the appropriate standard of appellate review of a suppression court's ruling:

> On review, our responsibility is 'to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings.' *Commonwealth v. Goodwin,* 460 Pa. 516, 521, 333 A.2d 892, 895 (1975).

*Commonwealth v. Hubble,* 509 Pa. 497, 503, 504 A.2d 168, 171 (1986).

The Commonwealth does not contest and the record supports the factual findings of the trial court. The Commonwealth however asks:

1. Whether the stop of the Appellee's vehicle was the equivalent of an arrest?

2. If the stop is an arrest, whether the Municipal Police Jurisdiction Act 42 Pa.C.S.A. § 8951 *et seq.* empowered the park police officer to effectuate an arrest?

■ It is the Commonwealth's initial contention that the facts mandate the legal conclusion that Appellee was not placed under arrest by the park police officer. The Commonwealth argues the park police officer's actions were akin to an investigatory stop.

Our Supreme Court has "defined an arrest as any act that indicates an intention to take the person into custody and subjects him to the actual control and will of the person making the arrest." *Commonwealth v. Lovette*, 498 Pa. 665, 671, 450 A.2d 975, 978 (1982) *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). Under all of the circumstances, we are convinced that the Appellee was under arrest prior to the arrival of the Township police. "[T]he test is not what the police intended but rather the reasonable impression conveyed to the person subjected to the seizure." *Commonwealth v. Rodriguez*, 330 Pa.Super. 295, 307, 479 A.2d 558, 565 (1984). "Officers are not required to make any formal declaration of arrest or use the word 'arrest' ... nor to apply manual force or exercise 'such physical restraint as to be visible to the eye' in order to *arrest* a person" *Commonwealth v. Bosurgi*, 411 Pa. 56, 68, 190 A.2d 304, 311 (1963). Here, the park police officer stopped the vehicle, ordered the driver to turn off his engine and be prepared to provide information when additional police arrived. A driver may be found to be under arrest for driving under the influence of alcohol prior to a request that the individual submit to various tests. *See Neitz v. Commonwealth Dept. of Transp.*, —— Pa.Cmwlth. ——, 506 A.2d 961, 963 (1986) (police officer who advised driver injured in automobile accident to stay still and that ambulance was on the way had exercised sufficient custody and control so as to have placed driver under arrest).

■ The Commonwealth next asserts that if it is determined that the park police officer had placed Appellee under arrest, the officer is empowered to do so pursuant to 42 Pa.C.S.A. § 8951 *et seq.*, the Municipal Police Jurisdiction Act. (Act).

"The authority of a municipal police officer to act beyond the territorial limits of his primary jurisdiction is determined by the provisions of 42 Pa.C.S.A. § 8953, which became effective August 14, 1982." *Commonwealth v. Phillips*, 338 Pa.Super. 274, 277, 487 A.2d 962, 963 (1985). This section provides in pertinent part:

(a) General rule.—Any duly employed municipal police officer who is within the Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions within the territorial limits of his primary jurisdiction in the following cases:

(1) Where the officer is acting pursuant to an order issued by a district magistrate whose magisterial district is located within the judicial district wherein the officer's primary jurisdiction is situated, or where the officer is otherwise acting pursuant to the requirements of Pennsylvania Rules of Criminal Procedure, except that the service of an arrest or search warrant shall require the consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which regularly provides primary police services in the municipality wherein the warrant is to be served.

(2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

(3) Where the officer has been requested to aid or assist any local, State or Federal law enforcement officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance.

(4) Where the officer has obtained the prior consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which provides primary police services to a political subdivision which is beyond that officer's primary jurisdiction to enter the other jurisdiction for the purpose of conducting official duties which arise from official matters within his primary jurisdiction.

(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property.

(6) Where the officer views an offense which is a felony, or has probable cause to believe that an offense which is a felony has been committed, and makes a reasonable effort to identify himself as a police officer.

42 Pa.C.S.A. § 8953(a).

We are mindful that "it is clear that one of the goals of the legislature in enacting the statute was to promote a cohesive working relationship among municipal police departments," *Commonwealth v. Ebersole*, 342 Pa.Super. 151, 155, 492 A.2d 436, 438–439 (1985). "This statute, therefore, must be liberally construed to effect its objects and to promote justice." *Id.* 342 Pa.Super. at 155, 492 A.2d at 438.

However, the power and authority to enforce the laws of the Commonwealth beyond the territorial limits of primary jurisdiction authorized by the Act concerns only duly employed municipal police officers. The question arises as to whether a park police officer is a municipal police officer. The Act defines Municipal police officer as "[a]ny natural person who is properly employed by a municipality, including a home rule municipality, as a regular full-time or part-time police officer." 42 Pa.C.S.A. § 8951. Primary municipal police jurisdiction is set forth in 42 Pa.C.S.A. § 8952 which states:

Any duly employed municipal police officer shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office anywhere within his primary jurisdiction as to:

(1) Any offense which the officer views or otherwise has probable cause to believe was committed within his jurisdiction.

(2) Any other event that occurs within his primary jurisdiction and which reasonably requires action on the part of the police in order to preserve, protect or defend persons or property or to otherwise maintain the peace and dignity of this Commonwealth.

42 Pa.C.S.A. § 8952.

The duties of park police officers, by contrast, are set forth at 16 P.S. § 2512 which states:

It shall be the duty of the police or guards appointed to duty in any recreation places, without warrant, forthwith to arrest any offender against rules and regulations, ordained or resolved by the county commissioners, that they may detect in the commission of such offense, and to take the person so arrested forthwith before a magistrate, alderman or justice of the peace having competent jurisdiction.

16 P.S. § 2521.

Section 8953 of 42 Pa.C.S.A. therefore is inapplicable to park police officers. There is no power under 16 P.S. § 2512 of park police to make an extra-territorial arrest. When police are without authority to arrest outside their jurisdiction, and do so, the evidence seized incident to that arrest must be suppressed. *Commonwealth v. Fischer*, 348 Pa.Super. 418, 425–426, 502 A.2d 613, 617 (1985).[1]

Order affirmed.

POPOVICH, J., concurs in the result.

**1.** In *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985), police officers from Montgomery County prepared a search warrant application for the search of an apartment in Berks County. The application was presented to a Berks County Magistrate who issued a warrant. The Montgomery County police conducted the search accompanied by police from Berks County who did not participate. On appeal, this court determined that the search violated Pa.R.Crim.P. 2004. Our Supreme Court:

[g]ranted the Commonwealth's petition for allowance of appeal to determine the narrow issues of whether the Superior Court erred in holding that the exclusion of evidence was the required remedy for a perceived violation of Rule 2004 of the Pennsylvania Rules of Criminal Procedure ("A search warrant shall be served by a law enforcement officer.") and whether the court erred in holding that

the execution of the search warrant in the instant case violated said rule.
*Id.,* 507 Pa. at 399, 490 A.2d at 422.

The Court rejected "the automatic application of the exclusionary rule to suppress evidence seized pursuant to a search which in some way violates the Pennsylvania Rules of Criminal Procedure relating to the issuance and execution of search warrants." *Id.,* 507 Pa. at 401, 490 A.2d at 423.

Unlike the Court in *Mason,* we are not confronted with a violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures and warrants. Nor are we concerned with a police officer to whom 42 Pa.C.S.A. § 8953 applies. Suppression of the seized evidence is the appropriate remedy in this instance.