[redacted]

## Commonwealth v. Rowlands

[redacted]

*James G. Caravan, assistant district attorney,* for the commonwealth.

*Blair P. Warner,* for defendant.

RUBRIGHT, *J.,* July 6, 1990 — This matter is presently before the court on defendant's omnibus pretrial motion in which he seeks the dismissal of the charges against him on the grounds that his arrest was in violation of the Municipal Police Jurisdiction Act, 42 Pa.C.S. §8953, or in the alternative, he seeks dismissal of the charges due to the commonwealth's failure to establish a prima facie case at the preliminary hearing. Counsel have agreed that the court may rule on the motion based on a review of the preliminary hearing transcript and the briefs submitted by counsel. We are now prepared to do so.

The facts of the case are essentially undisputed. On March 12, 1990, Minersville Borough police officers Andrew Rose and Michael Conway were on duty and in uniform. They drove from the Borough of Minersville into Cass Township on an investigation unrelated to defendant. At the Cass Township housing project in the 700 block of Sunbury Street, Officer Rose saw two individuals sitting on a stoop drinking what appeared to be beer. The two individuals entered an apartment at 722 Sunbury Street. Officer Rose recognized one of the individuals as defendant, whom he knew to be under 21 years of age. Officer Rose parked the police car and then approached and entered the apartment at 722 Sunbury Street after speaking with one of the residents. He placed defendant under arrest for underage drinking and told him he would have to go with the officers to the Minersville police station. While he was being arrested, defendant became loud and abusive toward Officer Rose. As a result, he has been charged with resisting arrest, disorderly conduct and terroristic threats. He argues that those charges should be dismissed because Officer Rose had no authority to arrest him for underage drinking.

The Municipal Police Jurisdiction Act, 42 Pa.C.S. §8953, provides in pertinent part:

"(a) *General rule* — Any duly employed municipal police officer who is within this commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

"(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property."

The commonwealth concedes that Officer Rose had no authority to arrest defendant under subsection (5) because underage drinking is a summary offense. However, we are urged to find that he did have authority to arrest defendant under that subsection because, after Officer Rose entered the apartment, defendant began to yell and curse at him. We cannot accept this argument. As stated in *Commonwealth v. Ebersole,* 342 Pa. Super. 151, 492 A.2d 436 (1985), "[a] careful reading of the subject statute reveals that its purpose is to provide police officers with authority to make arrests outside of their primary jurisdictions *in limited situations.*" (emphasis added) Officer Rose had absolutely no authority under the act to either investigate what he suspected to be underage drinking taking place outside of his primary jurisdiction or to arrest defendant for such an offense. He was not engaging in activity of a type allowed by the act when he approached the apartment for the sole purpose of arresting defendant for a summary offense. If there had been compliance with the act, Officer Rose would not have even attempted an arrest of defendant for underage drinking and defendant would not have been subsequently arrested for resisting arrest, disorderly conduct and terroristic threats, all of which resulted from the initial unlawful arrest. While we believe it would be inappropriate to order dismissal of those charges, we find that the appro-

priate remedy is suppression of all evidence obtained as a result of the unlawful arrest.

Based upon our disposition above, we need not address defendant's motion to dismiss for failure to establish a prima facie case at the preliminary hearing. We enter the following

## ORDER

And now, July 6, 1990, upon consideration of the preliminary hearing transcript and the briefs of counsel, it is hereby ordered that defendant's omnibus pretrial motion attacking the legality of his arrest is sustained and all evidence obtained as a result of the unlawful arrest is suppressed.