## Commonwealth v. Lombardo

*J. Craig Cox, assistant district attorney,* for the Commonwealth.

*Lawrence M. Kelly,* for defendant.

CAIAZZA, *J.,* December 14, 1990 — We have before us for determination defendant's omnibus pretrial motion in the nature of a motion to suppress, a motion to dismiss because of lack of jurisdiction, and a motion to dismiss because of illegal arrest. The basis underlying all three motions is the alleged illegality of defendant's arrest due to its execution outside of the arresting officer's jurisdiction.

The facts which gave rise to this case may be summarized as follows. In the early morning hours of December 23, 1989, Chief William Hogue of the Pulaski Township Police Department, Lawrence County, Pennsylvania, was involved in a vehicle traffic stop on Route 422 in Pulaski Township. At that time, Alan Morris, an off-duty officer of the Coitsville, Ohio, Police Department, approached Hogue regarding a vehicle apparently lodged in a ditch alongside of Hillsville Road in Mahoning Township, Lawrence County, Pa., approximately one-half mile from Route 422. Chief Hogue dispatched Officer Patton to the scene of the vehicle. Upon arrival, Officer Patton reported that there was indeed a vehicle in the ditch but he could not locate its operator. Chief Hogue subsequently completed his traffic stop and proceeded to join Officer Patton at the scene of the vehicle.

In the interim, defendant, Michael J. Lombardo, had returned to the vehicle and was attempting to secure his registration from the vehicle when Chief Hogue arrived at the scene. The vehicle was not in a position to be driven out of the ditch. After observing defendant, Chief Hogue suspected that defendant was under the influence of alcohol. Ma-

honing Township does not maintain its own police department. Chief Hogue therefore contacted the Pennsylvania State Police but was informed that there were no units available to respond at that time. Hogue then arrested defendant for driving under the influence of alcohol, 75 Pa.C.S. §3731, and driving on the right side of the roadway, 75 Pa.C.S. §3301. Defendant was subsequently transported to the St. Francis Hospital in New Castle, Pennsylvania, for a blood test, which determined the defendant's blood alcohol content to be 0.15 percent.

It is here undisputed that Chief Hogue arrested defendant outside of the officer's territorial jurisdiction. The essential issue is, therefore, whether such execution of defendant's arrest outside of the officer's jurisdiction constituted an illegal arrest.

A municipal police officer has jurisdiction outside the territorial limits of his primary jurisdiction only in a limited set of circumstances, see 42 Pa.C.S. §8953, only two of which are arguably applicable to the case sub judice.

One such circumstance extending the jurisdiction of a municipal police officer evolves in factual situations wherein the officer is requested to provide aid to a law enforcement officer in another jurisdiction. 42 Pa.C.S. §8953(a)(3). See also, *Commonwealth v. Triplett*, 387 Pa. Super. 378, 564 A.2d 227 (1989). Obviously, in the case sub judice, no request for aid was communicated to Chief Hogue by a police officer from Mahoning Township. Because Mahoning Township has no police department, such a request must emanate from the Pennsylvania State Police. There appears no testimony here establishing that the Pennsylvania State Police requested Officer Hogue to assist them. The only request received by Chief Hogue here came from an off-duty officer of the Coitsville, Ohio, Police Department.

Consequently, section 8953(a)(3) cannot here serve as a basis to extend Chief Hogue's jurisdiction.

Secondly, a police officer has jurisdiction beyond his territorial limits "[w]here the officer is on official business and views an offense, or has probably cause to believe that an offense has been committed. . ." 42 Pa.C.S. §8953(a)(5). However, an on-duty officer who enters a foreign jurisdiction does not automatically obtain the status of being on "official business." *Commonwealth v. Merchant,* 385 Pa. Super. 264, 560 A.2d 795 (1989). The general purpose of the statute is to provide the police with the authority to make arrests outside of their jurisdictions in limited situations. *Id.* Thus, subsection (a)(5) must be read concurrently with subsection (a)(4). Interpreted in this fashion, subsection (a)(5) "allows police officers, who are in [a] foreign jurisdiction on 'official business' under the guise of subsection (4), and who witness the commission of a crime or offense, to perform the same functions in the foreign jurisdiction" as they can perform within their primary jurisdiction. *Id.* at 268, 560 A.2d at 797. Subsection (a)(4) applies "[w]here the officer has obtained the prior consent . . . to enter the other jurisdiction for the purpose of conducting official duties which arise from official matters within his primary jurisdiction." 42 Pa.C.S. §8953(a)(4). See also, *Commonwealth v. Sestina,* 376 Pa. Super. 441, 546 A.2d 109 (1988).

In the case sub judice, Chief Hogue proceeded to Mahoning Township in response to a communication received from an off-duty Coitsville, Ohio, police officer. The communication did not relate to any matter developing in Pulaski Township. Chief Hogue was not, therefore, in Mahoning Township to conduct official business relating to matters arising in Pulaski Township. Consequently, section

8953(a)(5) cannot here serve as a basis to extend Chief Hogue's jurisdiction.

From the foregoing, we must conclude that Chief Hogue's arrest of defendant was in violation of the Municipal Police Jurisdiction Act, 42 Pa.C.S. §8951 et seq. Having made such a determination, we must now address the question of the remedy to be applied.

In that regard, we would here note that neither defendant's motion nor the court's own research revealed any procedural authority or appellate court decisions indicating that dismissal of the criminal charges filed against defendant would be an appropriate remedy under the facts of this case. However, suppression of any evidence obtained incident to defendant's arrest may be an appropriate remedy for a violation of the act.

It is clear that not all violations of the act require suppression of evidence obtained as a result thereof. See *Commonwealth v. O'Shea*, 523 Pa. 384, 567 A.2d 1023 (1989); *Commonwealth v. Fetsick*, 392 Pa. Super. 264, 572 A.2d 793 (1990); *Commonwealth v. Merchant*, 385 Pa. Super. 264, 560 A.2d 795 (1989). In *Commonwealth v. O'Shea, supra,* the Pennsylvania Supreme Court declared the following:

"The Superior Court has recognized that, under *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985), suppression of evidence may or may not be the appropriate remedy for a violation of section 8953 of the act, depending upon all of the circumstances of the case including the intrusiveness of the police conduct, the extent of deviation from the letter and spirit of the act, and the prejudice to the accused. Compare *Commonwealth v. Saul*, 346 Pa. Super. 155, 499 A.2d 358 (1985); *Commonwealth v. Peppers*, 357 Pa. Super. 270, 515 A.2d 971 (1986);

*Commonwealth v. Sestina,* 376 Pa. Super. 441, 546 A.2d 109 (1988); with *Commonwealth v. Merchant,* 385 Pa. Super. 264, 560 A.2d 795 (1989); *Commonwealth v. Fiume,* 292 Pa. Super. 54, 436 A.2d 1001 (1981); *Commonwealth v. Roberts,* 356 Pa. Super. 309, 514 A.2d 626 (1986). We approve of this case-by-case approach to the determination of the appropriateness of exclusion of evidence allegedly obtained in violation of the act. Accordingly, we affirm the suppression court's alternative ruling that exclusion of the challenged evidence would not be warranted in this case even if the search was considered to be 'illegal' under section 8953." *Id.* at 399-400, 567 A.2d at 1030.

In general, suppression of evidence is not an appropriate remedy where, under the facts and circumstances of the case, such a remedy would be out of all proportion to the violation, or to the benefits gained to the end of obtaining justice while preserving individual liberties. See *Commonwealth v. O'Shea, supra; Commonwealth v. Fetsick, supra; Commonwealth v. Saul, supra.*

In *Commonwealth v. Merchant, supra,* the Superior Court compared the types of police conduct involved in previous cases with the conduct involved in that case; viz., routine extraterritorial patrols. The court then went on to state the following:

"[A]lthough we read *Saul, Mason, Peppers* and *Santina* [sic] to support the disallowance of suppression where there is a technical violation of the act and where the police are engaged in conduct contemplated within the act, but perhaps simply fail to proceed properly, we do not read those cases to compel the same result when the very purpose and spirit of the act is violated and there is no question of

technical compliance with the act." *Id.* at 274, 560 A.2d at 799-800.

In the case sub judice, Chief Hogue responded to a report of an automobile accident in an adjacent township which did not maintain an independent police force. After arriving at the scene and observing defendant, Chief Hogue suspected defendant to be under the influence of alcohol. Consequently, he contacted the State Police, but was informed that there were no units available to respond at that time. Chief Hogue therefore attempted to assist the State Police and arrested defendant himself.

At the hearing of defendant's omnibus motion, the counsel for the Commonwealth did not elicit testimony specifically addressing whether the State Police actually requested Chief Hogue to assist them and arrest defendant. We must, therefore, at this juncture presume that no such request was made. It would appear, however, that such assistance is certainly the type of conduct contemplated within 42 Pa.C.S. §8953(a)(3) and that the officer's conduct is a technical violation of the act. As such, the court opines that suppression of any evidence obtained as a result of defendant's arrest would not be an appropriate remedy.

From the foregoing, we conclude that defendant's omnibus pretrial motion in the nature of a motion to suppress, a motion to dismiss because of lack of jurisdiction, and a motion to dismiss because of illegal arrest must be denied.

## ORDER OF COURT

Now, December 14, 1990, in accordance with the provisions of the appended memorandum opinion, defendant's omnibus pretrial motion in the nature of a motion to suppress, a motion to dismiss because of

lack of jurisdiction, and a motion to dismiss because of illegal arrest is hereby denied.