605 A.2d 1265

COMMONWEALTH of Pennsylvania

v.

Joseph Robert McHUGH, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 8, 1991.

Filed April 8, 1992.

Guy Smith, Media, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Newton Square, for Com., appellee.

Before CAVANAUGH, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

This is an appeal from the judgment of sentence rendered following appellant's bench trial in the Court of Common Pleas of Delaware County. Appellant was found guilty on the charge of driving under the influence [1] and not guilty on the charges of stop sign and yield sign violations and reckless driving. Post-trial motions were denied; and appellant was subsequently sentenced to a term of imprisonment not less than thirty days nor more than two years minus one day, plus a fine of $300 and the costs of prosecution. On appeal, appellant complains that his arrest was unlawful; therefore, the trial court erred by denying his

1. 75 Pa.C.S.A. § 3731.

motion to suppress the results of field sobriety and breathalyzer tests. We affirm.

The record and the trial court opinion reflect the following relevant facts.[2] On May 21, 1989, Officer Shaw of the Aston Township Police Department was on routine patrol when he entered a bordering portion of Upper Chichester Township. There, he observed two vehicles speeding on Cherry Tree Road. When both vehicles failed to observe a stop sign, Officer Shaw proceeded to follow the vehicles and radioed the Upper Chichester Township Police. After explaining the situation, Officer Shaw asked whether the Upper Chichester Police wanted him to stop the vehicles. In response to this inquiry, Officer Fanelli of the Upper Chichester Police Department requested that the vehicles be stopped.

As the vehicles approached an upcoming intersection, one vehicle proceeded through the stop sign and appellant's vehicle braked, thereby causing it to slide into the intersection and onto the opposite curb. Appellant then drove off the curb and stopped his car. Without using any emergency warning equipment such as flashers or sirens, Officer Shaw parked his car behind appellant's vehicle. When Officer Shaw approached the vehicle, he detected an odor of alcohol from appellant's person. He removed appellant's keys from the ignition until Officer Fanelli arrived a few minutes later.

Officer Fanelli was prompted to administer several field sobriety tests to appellant based on an odor of alcohol, appellant's glassy and bloodshot eyes, and Officer Shaw's observations. Appellant failed these tests and was arrested. Upon arrival at the Upper Chichester police station, appellant submitted to a breathalyzer test, which revealed his blood alcohol content to be 0.17%.

**2.** At his non-jury trial, appellant stipulated to the facts elicited at the preliminary hearing on July 27, 1989, and the suppression hearing on December 14, 1989. In addition, appellant stipulated to the facts cited in the affidavit of probable cause and to the breathalyzer test, which revealed appellant's blood alcohol content to be .171%.

Appellant maintains that his arrest was illegal as a violation of the Municipal Police Jurisdiction Act, since the arresting officer was outside the territorial limits of his primary jurisdiction. Hence, appellant further argues that the trial court erred by denying his motion to suppress the results of field sobriety and breathalyzer tests. As a preliminary matter, we note that our standard of review when evaluating the disposition of a motion to suppress is to determine whether the record supports the findings of the trial court and whether the legal conclusions which follow from these findings are in error. *Commonwealth v. Bowers*, 400 Pa.Super. 377, 583 A.2d 1165, 1167 (1990).

The pertinent portion of Section 8953 of the Municipal Police Jurisdiction Act provides:

(a) General Rule.—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

     \*     \*     \*     \*     \*     \*

(3) Where the officer has been *requested* to aid or assist any local, State or Federal law enforcement officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance.

42 Pa.C.S.A. § 8953(a)(3) (emphasis added).

The issue before us is one of first impression. Namely, we must decide whether the factual circumstances at bar constitute a "request" within the meaning of Section 8953(a)(3) of the Municipal Police Jurisdiction Act. Pursuant to this statute, Officer Shaw's actions are sanctioned, if he performed this assistance at the request of Officer Fanelli, even though he acted outside his primary jurisdiction of Aston Township. We are guided in this instance by the Rules of Statutory Construction, 1 Pa.C.S.A. § 1901–1910. According to these rules of construction, the Munici-

pal Police Jurisdiction Act is not among those statutes which must be strictly construed and instead is subject to liberal construction to effectuate its objects and to promote justice. *Commonwealth v. Ebersole,* 342 Pa.Super. 151, 153–55, 492 A.2d 436, 438 (1985); 1 Pa.C.S.A. § 1928(a), (b).

In the case at bar, the lower court held that Officer Shaw did render aid in response to Officer Fanelli's request, despite the fact that communications between the officers were initiated by Officer Shaw. Appellant suggests that Officer Shaw could not act at the request of Officer Fanelli unless he was responding to a call for assistance which originated with the Upper Chichester Police. We disagree. The facts of this case reveal that Officer Shaw did initiate contact by radioing the Upper Chichester Police and advising them of the events he witnessed. Officer Shaw proceeded to inquire whether he should stop the vehicles. At this stage, Officer Fanelli was faced with two choices. He could respond affirmatively thereby seeking the help of Officer Shaw, or he could respond negatively thereby declining. By choosing the former, Officer Fanelli enlisted and requested the assistance of Officer Shaw as contemplated by Section 8953(a)(3) of the Municipal Police Jurisdiction Act, 42 Pa.C.S.A. § 8953(a)(3).[3]

Our ruling is consistent with the public policy underlying the Municipal Police Jurisdiction Act, which was explained by this Court in *Commonwealth v. Fetsick:*

> The general purpose of the statute is to restrict the jurisdiction of police to their own municipalities, on the one hand, while allowing certain practical and policy exceptions to the general rule on the other hand.

**3.** We also reject appellant's suggestion that Officer Shaw's actions were improper since he did not follow appellant's vehicle from his own jurisdiction and into Upper Chichester Township, but rather acted completely within a foreign jurisdiction. Appellant cites *Commonwealth v. Johnson,* 373 Pa.Super. 312, 541 A.2d 332 (1988), to support this contention. *Johnson,* however, included an entirely different fact situation than that explained by appellant on page 11 of his brief.

*Commonwealth v. Fetsick,* 392 Pa.Super. 264, 268, 572 A.2d 793, 794–795, *allocatur denied,* 525 Pa. 642, 581 A.2d 568 (1990), *citing, Commonwealth v. Merchant,* 385 Pa.Super. 264, 268, 560 A.2d 795, 796–797 (1989). In addition, as the lower court and appellee point out, our holding also conforms to the aims described by this Court in *Commonwealth v. Ebersole:*

> A careful reading of the subject statute reveals that its purpose is to provide police officers with authority to make arrests outside their primary jurisdiction in limited situations. In providing such authority, the statute also ensures that police departments will be kept apprised, to the greatest possible extent, of actions taken in the municipality by the police from outside the jurisdiction. *Therefore, it is clear that one of the goals of the legislature in enacting the statute was to promote a cohesive working relationship among municipal police departments.*

*Ebersole,* 342 Pa.Super. at 155, 492 A.2d at 438 (interpreting 42 Pa.C.S.A. § 8953(a)(1)) (emphasis added).

The circumstances presented here encourage the policy of the Municipal Police Jurisdiction Act by cultivating a cohesive working relationship between the Upper Chichester and Aston Township Police Departments. The Upper Chichester Township Police Department was apprised of the situation and requested the help of Officer Shaw. Officer Shaw did not act independently, but instead engaged in a cooperative effort. In harmony with the policy of the Municipal Police Jurisdiction Act and the interests of justice, we find that appellant's arrest was lawful and the trial court did not err by denying his motion to suppress the results of field sobriety and breathalyzer tests.

Judgment of sentence is affirmed.