J-S07025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AL MUMINY DIAZ | |
| Appellant | No. 55 MDA 2014 |

Appeal from the Judgment of Sentence December 3, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000184-2013

BEFORE:  BENDER, P.J.E., OLSON and OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 23, 2015**

Appellant, Al Muminy Diaz, appeals from the judgment of sentence entered on December 3, 2013, following his jury trial convictions of four counts of simple possession of a controlled substance and one count each of possession with the intent to deliver (PWID) and possession of drug paraphernalia.  On appeal, appointed counsel filed a brief that resembled a hybrid of an advocate's brief and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  This Court directed appellate counsel, in two separate orders, to file **either** an advocate's brief or a petition for leave to withdraw and an accompanying **Anders** brief.  Counsel, however, filed a petition for leave to withdraw as counsel with this Court, relied upon her earlier filed hybrid brief and sent Appellant a letter erroneously stating this "Court considered the entire brief that [she] filed to be one under **Anders**."

***Anders*** Letter, 5/11/2015, at 1. For the reasons that follow, we affirm Appellant's convictions, but vacate his sentence and remand for resentencing. We deny counsel's motion to withdraw without prejudice for the trial court's consideration. ***See generally In the Interest of X.J.***, 105 A.3d 1 (Pa. Super. 2014).

We briefly summarize the facts and procedural history of this case as follows. Pennsylvania State Police were conducting routine vehicle registration checks of passing automobiles on Interstate 99 in Centre County, Pennsylvania when they discovered that Appellant's vehicle was registered to a driver with a suspended license. After the police initiated a traffic stop, an officer detected an odor of marijuana emanating from the vehicle. Police executed a canine search of the exterior of the vehicle and were alerted to the presence of narcotics. In a subsequent search executed by warrant, police uncovered 12 bricks of heroin, 19 tablets of methamphetamine, five oxycodone pills, a bag of marijuana, and drug paraphernalia. Appellant was driving with a suspended license.

On September 9, 2013, the jury found Appellant guilty of the aforementioned crimes.[1] In addition, the jury specifically determined, on its verdict slip, the amount of heroin supporting the PWID charge weighed 12.4 grams. On October 10, 2013, the Commonwealth filed a notice of the

---

[1]  The trial court also found Appellant guilty of the summary offense of driving while operating privilege is suspended, 75 Pa.C.S.A. § 1543.

applicability of a mandatory sentence under 18 Pa.C.S.A. § 7508(a)(7)(ii), because the jury determined the weight of the heroin for delivery was between ten and 50 grams. The trial court sentenced Appellant on December 3, 2013. Pursuant to Section 7508(a)(7)(ii), the trial court imposed a mandatory minimum sentence of five to ten years of imprisonment for PWID. It further imposed consecutive sentences of six months to one year of incarceration for each of Appellant's convictions for simple possession of marijuana, oxycodone, methamphetamine, and drug paraphernalia. Appellant's simple possession of heroin sentence merged with his sentence for PWID. The trial court sentenced Appellant to a concurrent term of 60 days of incarceration for the summary offense of driving while operating privilege is suspended. In total, Appellant received an aggregate sentence of seven to 14 years of imprisonment. This timely appeal resulted.

On appeal, counsel for Appellant presents the following issues for review that she deems frivolous under **Anders**:

I.     Whether the trial court erred in allowing the trial to proceed prior to the prosecution presenting [Appellant] with all the discovery. In fact, the prosecution still has not provided all the discovery material to [Appellant].

II.    Whether the trial court erred in allowing the jury trial to proceed despite [Appellant's] Rule 600 [rights] being violated. Rule 600 [begins] to run on the date on which the complaint is filed.

- 3 -

III. Whether the trial court erred in disallowing counsel to withdraw despite counsel submitting a proper[ly] filed motion to withdraw[]that Appellant agreed to.

IV. Whether the trial court erred in denying Appellant's request for a mistrial. Upon [the Assistant District Attorney's] request to testify on the stand against [] Appellant in the presence of the jury, Appellant requested a mistrial which was denied by the court.

V. Whether the trial court erred in excessively sentencing [] Appellant to 7-14 years of imprisonment whereas the minimum guidelines indicate 5 years as the minimum.

VI. Whether the trial court erred in denying [] Appellant credit for [the Recidivism Risk Reduction Incentive] program as he was not involved in a crime of violence nor has a history of crimes of violence.

VII. Whether the trial court erred in allowing trial to proceed despite the arresting documents being filed under an alias not known to [] Appellant.

VIII. Whether the trial court erred in allowing the trial to take place in a venue that had no jurisdiction. Although Appellant was arrested in Blair County, authorities (prior to obtaining a search warrant) towed Appellant's car to Centre County.

IX. Whether the trial court erred in allowing trial to take place despite authority's probable cause affidavit being made null and void.

*Anders* Brief at 7-9.

Before reviewing the merits of this appeal, however, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Finally, counsel must furnish a copy of the **Anders** brief to her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, *quoting* **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel has met all of the above procedural obligations, although it took court orders for her to meet said obligations.[2] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

Upon independent review, we conclude that all of Appellant's claims, except for his fifth issue as presented, are frivolous. The trial court correctly determined that Appellant waived his first, fourth, and seventh issues on appeal for failing to object contemporaneously at trial. *See* Pa.R.A.P. 302. Regarding his second issue, there was no violation of Pa.R.Crim.P. 600 because the trial court granted Appellant's motion for postponement excluding 46 days from the computation of the 365 day requirement of Rule 600(A)(2)(a), as well as the 180 day requirement of Rule 600(B)(1).[3] In his

---

[2] Appellant has not responded to counsel's petition to withdraw.

[3]  Rule 600 provides, in pertinent part:

> (A) Commencement of Trial; Time for Trial
> *          *          *
> (2) Trial shall commence within the following time periods.
>
>> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
> *          *          *
> (B) Pretrial Incarceration
>
> Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of

*(Footnote Continued Next Page)*

third issue, Appellant maintains that the trial court erred in denying counsel's request to withdraw. This issue lacks merit because "an appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice" and must show "that trial counsel was burdened by an 'actual'—rather than mere 'potential'—conflict of interest" by demonstrating "(1) counsel 'actively represented conflicting interests'; and (2) those conflicting interests 'adversely affected his lawyer's performance.'" *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1147 (Pa. 2012). Here, Appellant did not allege an actual conflict of interest or show he was actually prejudiced by counsel's representation. In his sixth allegation of error, Appellant avers that he was denied admission to the Recidivism Risk Reduction Incentive (RRRI) program; however, this claim fails since Appellant was ineligible because he had been convicted previously of resisting arrest. *See Commonwealth v. Chester*, 101 A.3d 56 (Pa. 2014) (RRRI Act excludes from eligibility defendants with a history of violent behavior which covers violent behaviors not otherwise specifically identified in the Act's definition of "eligible offender"); *see also* 61 Pa.C.S.A. § 4503. In his eighth issue, Appellant contends that the trial was held in a county

*(Footnote Continued)* _____

> (1) 180 days from the date on which the complaint is filed[.]

Pa.R.Crim.P. 600.

without jurisdiction; however, Appellant was arrested while driving in Centre County, which is where the trial took place. **See Commonwealth v. Sestina**, 546 A.2d 109, 112 (Pa. Super. 1988) (a court has no jurisdiction over an offense unless the offense occurred within the county in which the trial takes place.) Finally, Appellant asserts that the vehicular stop by police was illegal because his license was not suspended. This claim is frivolous because, at trial, the Commonwealth presented Appellant's certified driving record and the testimony of the arresting officer to prove that at the time of the stop, Appellant's license was suspended for driving under the influence.

We turn now to Appellant's sentencing claim. Appellant contends that the application of a mandatory minimum sentence under 18 Pa.C.S.A. § 7508, based upon the weight of the heroin recovered, was illegal. **Anders** Brief at 19-20. We agree. In **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), our Court determined that 18 Pa.C.S.A. § 7508 is unconstitutional regardless of whether the weight of the drugs was determined beyond a reasonable doubt by a factfinder or even if the defendant stipulated to the weight of the drugs at trial. The **Fennell** Court determined that the fact-finding procedures of Section 7508 are not severable from the remainder of the statute, and thus, the entire statute is unconstitutional under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), and **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014). Because the trial court imposed a mandatory minimum term of imprisonment under

18 Pa.C.S.A. § 7508, Appellant's sentence was illegal. Having determined that Appellant is not entitled to relief on the remaining claims, we affirm his convictions, vacate his sentence, and remand for resentencing. As Appellant is entitled to counsel upon remand, we deny counsel's petition to withdraw without prejudice. Upon remand, the trial court may consider counsel's request to withdraw and appoint new counsel as it deems fit.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Petition to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015