## Commonwealth ex rel. v. Ball et al., Appellants.

*Road law—Care of abandoned turnpikes—Duty of commissioners —Evidence—Ancient documents—Minute book of turnpike company—Custody—Act of April 25, 1907, P. L. 105.*

1. The Act of April 25, 1907, P. L. 105, requiring highways to be maintained, repaired and improved, in terms covers abandoned turnpikes, without limitation.

2. County commissioners may be compelled by mandamus not only to repair and maintain, but also to improve, an abandoned turnpike.

3. In a mandamus proceedings, the minute book of a turnpike company is admissible in evidence as an ancient document, without prior proof of execution of contents or custody, where the book, a bound volume, contains entries appropriate to the subject showing that it is 115 years old, and its appearance in binding, writing and ink indicates great age.

4. A book having internal evidence of age and truth about it, speaks more for its genuineness than can custody.

*Judicial notice—Evidence—Public matters — Records — Highways.*

5. Judicial notice may be taken of the existence of public matters, such as general history known to the country at large, or salient facts of local history known generally in the community.

6. The court in deciding one case, will not take judicial notice of what may appear from its own records in another and distinct

case under consideration, even though the action is between the same parties.

7. In counties where the court is conversant with its general affairs, judicial notice may be taken of the existence of highways, bridges, public buildings and abandoned turnpikes.

Argued March 12, 1923. Appeal, No. 180, Jan. T., 1923, by defendant, from judgment of C. P. Susquehanna Co., Nov. T., 1920, No. 86, on verdict for plaintiff, in case of Commonwealth ex rel. John Ferguson, District Attorney, v. F. H. Ball et al., Co. Comrs. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Issue on petition for mandamus. Before SMITH, P. J. The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff. Defendants, county commissioners, appealed.

*Error assigned,* inter alia, was ruling on evidence, as appears by opinion of Supreme Court, quoting record.

*Walter L. Hill,* of *Knapp, O'Malley, Hill & Harris,* with him *William A. Titsworth,* for appellants.—The book and papers, being private documents of a corporation not a party, are not admissible in evidence without proof of their execution, except when admissible as ancient documents.

To make them admissible as ancient documents it is necessary to substitute for proof of execution, proof of origin, age and proper custody: Ridgway v. Bank, 12 S. & R. 255; Gochenauer v. Good, 3 P. & W. 274; Phila. Bank v. Officer, 12 S. & R. 49; Pittsburgh Coal Co. v. Foster, 59 Pa. 365; American Underwriters' Assn. v. George, 97 Pa. 238; Caffrey v. Ry., 261 Pa. 251; Lewis v. Lewis, 4 W. & S. 378; Union Canal Co. v. Loyd, 4 W. & S. 393; Com. v. Alburger, 1 Wharton 469; Lau v. Mumma, 43 Pa. 267; McReynolds v. Longenberger, 57 Pa. 13; Smucker v. R. R., 188 Pa. 40.

*John Ferguson,* with him *H. A. Denney* and *J. M. Kelly,* for appellee.—The duty to maintain abandoned turnpikes is on the county: Winters v. Koontz, 60 Pa. Superior Ct. 134; East Whiteland Twp. v. Chester County, 235 Pa. 579; Somerset Twp. v. Somerset Co., 251 Pa. 164; Manchester Twp. v. Wayne Co., 257 Pa. 442; Com. ex rel. v. Grove, 261 Pa. 504.

Plaintiff had a right to read the pleadings into the record unless a mandamus case has a different rule of evidence from the ordinary case: Farbo v. Caskey, 272 Pa. 573, 576; Lewis v. Lewis, 4 W. & S. 378; Bell v. Brewster, 10 N. E. 679.

The judge will assume judicial knowledge of facts which he learned through former litigation in the same jurisdiction or at an earlier hearing in the case: Drumheller v. Mumaw, 9 Pa. 19.

When instruments are more than thirty years old and are unblemished by any alterations, and obtained from the proper custody, they are said to prove themselves, and the bare production thereof is sufficient, the subscribing witnesses, or all living witnesses of the transaction, being presumed to be dead: McReynolds v. Longenberger, 57 Pa. 13, 31; Scharff v. Keener, 64 Pa. 376; Mineral R. R. v. Auten, 188 Pa. 568; Huffman v. McCrea, 56 Pa. 95.

"Minute Book Cocheeton and Great Bend Turnpike Company, of itself was convincing that it was genuine.

OPINION BY MR. JUSTICE KEPHART, April 16, 1923:

Appellee instituted mandamus proceedings against the commissioners of Susquehanna County to compel the maintenance, repair and improvement of parts of an abandoned turnpike known as the Lackawanna Trail, largely used for the accommodation of the traveling public. The mandamus was resisted for the following reasons: (a) it did not appear the abandoned turnpike had been sufficiently identified and distinguished from other roads in the county, so that claims paid on account

of it might be fully protected under the law; (b) by the Act of 1907, the legislature did not intend the county should improve highways abandoned more than half a century before the passage of the act, or highways made up alternately of pieces of abandoned turnpikes and pieces of other roads substituted for vacated parts of what had at one time been a turnpike. The chief objection urged here on appeal was to the admission of an ancient book to establish the organization and existence of an abandoned turnpike.

The latter question is based on the assumption that the minute book offered in evidence was not properly proven. This book was offered for the purpose of showing the acceptance of the act of assembly under which the turnpike company was incorporated, the organization into a company of the individuals there named to conduct the affairs of the highway, and its actual existence as recorded therein. The book was a bound volume, 115 years old, starting in 1805; it was 10½ inches wide by 15½ inches long, and 2½ inches thick, comprising 540 unruled pages. The first 465 pages consisted of writing with ink concerning matters relating only to the turnpike. The binding was stiff board or card-board, with a dull yellow leather covering; on the back, at the usual place to designate the title of a book, is pasted a separate red leather label, 2 inches by 2½ inches, having printed thereon in gilt letters, about a quarter of an inch high, the words, "Minute Book Cochecton and Great Bend Turnpike Company." The leather covering is of durable material, somewhat worn, breaking at the joinder of the lids with the book. The court below described its appearance as evidencing great age, corresponding with the dates of entries of the different proceedings by the officers of the company; copies of all instruments recorded therein were marvels of painstaking care; the usual indications of old age in written documents,— faded appearance of the ink, all in the same handwriting, absence of interlineations and erasures, of which there

exist only about half a dozen in the entire book,—impressively stamp the document as being ancient.

When counsel offered this volume in evidence, defendant did not object because it was not an ancient document, nor that its prior custody had not been shown,—positions now taken before this court,—but objected to the offer as incompetent for the purpose stated (to prove the existence and operation of the company), and because "it includes what is not properly proven." If the book was an ancient document, entitled to admission as such, what was recorded therein, as bearing on the existence or nonexistence of facts, in and of itself constituted the evidence,—no further proof of the contents was necessary. One of the reasons for the ancient-document rule is to obviate this proof. If handwriting and other acts connected with ancient documents must be proven in the same manner as modern instruments, the ancient-document rule would be destroyed.

The internal evidence of age and authenticity was so manifest that it might be said the book proved itself without further identification or evidence that it came from proper custody. It is not disputed actual use of the subject-matter was made for the purpose mentioned in the book. "Instruments more than thirty years old, unblemished by alterations, and coming from proper custody, are said to prove themselves, the subscribing witnesses being presumed to be dead; and this presumption, so far as the rule of evidence is concerned, is not affected by proof that the witnesses are living": 10 R. C. L., section 342, page 1135. "The reason why evidence is required that an ancient document shall be produced from the proper depository is that credit may be given to its genuineness": 10 R. C. L., section 299, page 1098. But this reason disappears when the character of the ancient document is apparent. A book having internal evidence of age and truth about it, like the one in question, speaks more for its genuineness than can custody. These assignments are overruled.

Judicial notice may be taken of the existence of public matters, such as general history known to the community at large, or salient facts of local history known generally in the particular community: 23 C. J. 122; 15 R. C. L. 1084 (streets of a city); Pearce v. Langfit, 101 Pa. 507, 512; Sandy Lake Borough v. Sandy Lake and Stoneboro Gas Co., 16 Pa. Superior Ct. 234, 240; Dyer v. Phila., 276 Pa. 348. The court, in deciding one case, will not take judicial notice of what may appear from its own record in another and distinct case, unless made part of the case under consideration, even though the action is between the same parties: Abbott's Proof of Facts, 3d ed., 640. In counties where the court is conversant with its general affairs, judicial notice may be taken of the existence of highways, bridges and public buildings; also of the existence of abandoned turnpikes. Such notice of course would be predicated on a general knowledge of local history in relation to the highway. Courts are not bound to accept this medium unless it has the knowledge. This highway was part of the Lackawanna Trail, known for many years, and one of the principal thoroughfares in that section of the State. It would be subversive of public good to allow municipalities, impressed with the duty of properly repairing and improving these highways, to avoid liability by technical objections to evidence of the actual origin of the highways as turnpikes, their use as such being long since established as a matter of history. The legislature has determined the burden of improvement and repair is too great for townships to bear, and has placed it on the county.

What the act requires is that the highways must be maintained, repaired and improved. The extent to which this may be done is a matter of discretion with the commissioners. Like any other property confided to their care, it must be preserved, and the plain indication of our decisions is that mandamus may not only compel repair and maintenance (Winters v. Koontz, 60 Pa. Su-

perior Ct. 134), but also improvement, without intervening action of other authority. We have been pointed to no act which would seem to hold otherwise.

The Act of 1907 in terms covered abandoned turnpikes without limitation. We need not pass on the decree striking out certain parts vacated under orders of the court, in view of the Act of 1919. The order covered the highway described in the petition for mandamus. Appellee does not complain of any omissions and it may be he was precluded under the last-named act. The order was lawful within the various points designated.

The decree of the court below is affirmed.