401 A.2d 1235

COMMONWEALTH of Pennsylvania

v.

Rodney W. VARNER, Appellant.

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided April 17, 1979.

John McCrea, III, Newville, for appellant.

John F. Nelson, III, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Appellant was convicted on November 17, 1976, of driving while under the influence,[1] sentenced to a prison term of fifteen (15) days to three (3) months, and fined $250.00. His only contention on appeal is that the prosecution failed to establish that the offense occurred in Franklin County, a necessary element in conferring jurisdiction on the court below. The lower court ruled that appellant's demurrer did not preserve this issue and that his failure to specifically raise the issue until post-trial motions constituted a waiver. The court also took judicial notice, in overruling the post-trial motions, that "it is a well-known geographical fact that" the area near the Shippensburg Fair Grounds where appellant was arrested is "indeed within the boundaries of the County of Franklin." (Opinion at 6). For the reasons stated herein, we affirm the judgment of the court below.

First, we must reject the Commonwealth's contention that appellant waived the jurisdiction issue by not specifically presenting it until post-trial motions. "[T]he locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial . . . ." *Commonwealth v. Mull,* 316 Pa. 424, 426, 175 A. 418, 419 (1934); *see Commonwealth ex rel.*

1. Act of April 29, 1959, P.L. 58, § 1037, 75 P.S. § 1037, *repealed and replaced,* Act of June 17, 1976, P.L. 162, § 7, 75 Pa.C.S. § 3731.

*Chatary v. Nailan,* 416 Pa. 280, 283, 206 A.2d 43, 45 (1965); *Commonwealth v. Tarsnane,* 170 Pa.Super. 265, 267, 85 A.2d 606, 607 (1952); *Commonwealth v. Wojdakowski,* 161 Pa.Super. 250, 257, 53 A.2d 851, 855 (1947). Moreover, jurisdiction may never be waived, and may be presented at any stage of the proceeding. *See, e. g., Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth ex rel. Yentzer v. Carpenter,* 240 Pa.Super. 202, 362 A.2d 1101 (1976). Finally, in *Commonwealth ex rel. Chatary v. Nailan, supra,* the supreme court in dictum stated that a demurrer served to question the sufficiency of the evidence establishing the venue of the offense. Accordingly, the issue is preserved for appellate review.

 In reviewing the actions of the lower court in dismissing appellant's post-trial motions, we must conclude that the court did not err when it took judicial notice that the situs of the offense was in Franklin County. "The doctrine of judicial notice is intended to avoid the necessity for the formal introduction of evidence in certain cases when there is no real need for it, where a fact is so well established as to be a matter of common knowledge." *Albert Appeal,* 372 Pa. 13, 20, 92 A.2d 663, 666 (1952); *see Commonwealth ex rel. Duff v. Keenan,* 347 Pa. 574, 582–83, 33 A.2d 244, 249 (1943) ("so well known as to be incontestable."). Included in the subjects appropriate for judicial notice is the county in which a town or city is located, *see Emert v. Larami Corp.,* 414 Pa. 396, 200 A.2d 901 (1964); *Commonwealth v. Kaiser,* 184 Pa. 493, 39 A. 299 (1898), and the location of roads and highways. *See Schmidt v. Allegheny County,* 303 Pa. 560, 154 A. 803 (1931); *Commonwealth v. Ball,* 277 Pa. 301, 121 A. 191 (1923). Moreover, in *Commonwealth v. Kaiser, supra,* a case analogous to the instant appeal, the trial court took judicial notice of the situs of the offense to establish its jurisdiction. In holding that the trial court was so authorized, the supreme court went on to conclude that such notice alone was sufficient to establish jurisdiction when the jurisdiction was not contested and "the locality was only in issue technically." *Commonwealth v. Kaiser, supra,* 184 Pa. at 498, 39 A. at 300.

Instantly, several witnesses for both the prosecution and the defense testified that the offense occurred in the parking lot of the Shippensburg Fair Grounds and on Possum Hollow Road near the Fair Grounds. None of the witnesses specifically stated, however, that the area is in Franklin County, and appellant never alerted the prosecution that the county of the offense was in issue. Indeed, appellant does not contend that the area is in a county other than that which is charged in the indictment. His only contention is that Shippensburg is near the border of Cumberland and Franklin counties and that the prosecution never specifically established that the site of the offense was in Franklin County. In that respect, we conclude that the county of the offense was only technically in issue as a necessary requirement for conferring jurisdiction on the court below. As such, the judicial notice by the court is, under *Kaiser,* sufficient to establish the situs of the offense.[2]

Judgment of sentence affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

2. The Commonwealth also argues that a conviction necessarily includes a finding that the offense occurred in the county charged in the indictment. Although there is language in various cases to that effect, *see Commonwealth v. Voci,* 393 Pa. 404, 143 A.2d 652, *cert. denied,* 358 U.S. 885, 79 S.Ct. 119, 3 L.Ed.2d 113 (1958); *Commonwealth v. Sloat,* 298 Pa. 10, 147 A. 834 (1929); *Commonwealth v. Lawrence,* 282 Pa. 128, 127 A. 465 (1925); *Commonwealth v. Bubnis,* 197 Pa. 542, 47 A. 748 (1901); *Commonwealth v. Kaiser,* 184 Pa. 493, 39 A. 299 (1898); *Commonwealth ex rel. Ritchey v. McHugh,* 189 Pa.Super. 515, 151 A.2d 659 (1959); *Commonwealth ex rel. Koffel v. Myers,* 184 Pa.Super. 270, 133 A.2d 570 (1957), *allocatur refused,* 184 Pa.Super. xxvii, *cert. denied,* 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958), the extent of that rule was questioned in *Commonwealth ex rel. Chatary v. Nailan,* 416 Pa. 280, 206 A.2d 43 (1965).

In *Chatary,* the supreme court found the evidence insufficient to establish the jurisdiction of the court when the defendant was arrested in Philadelphia County for possession of stolen goods from a burglary and larceny which had occurred in Montgomery County. He was tried in Montgomery County and acquitted on the burglary and larceny charges, but convicted of possession of stolen goods. No evidence was presented that this offense was committed in Montgomery County, and the acquittal on the burglary and larceny charges raised serious doubt as to the jurisdiction of the Montgomery

County court. The court went on to hold in dictum that the prior rule is applicable only in cases in which the evidence presented is "sufficient . . . to establish proper venue." *Commonwealth ex rel. Chatary v. Nailan, supra,* at 416 Pa. at 285, 206 A.2d at 46. The court did not cite *Commonwealth v. Lawrence, supra,* a case analogous to the instant appeal in which the issue of venue was not specifically raised, no specific evidence was presented on that issue, and the evidence, that was presented, unlike that in *Chatary,* did not raise a question regarding the situs of the offense. Nevertheless, the supreme court in *Lawrence* held that "[i]n the absence of uncontradicted evidence to the contrary" the usual presumption applies and a conviction serves to establish venue. *Commonwealth v. Lawrence, supra,* 282 Pa. at 133, 127 A. at 467; *see Commonwealth v. Voci, supra.*

In light of the uncertainty surrounding the court's dictum in *Chatary,* we decline to rule whether the presumption serves as an alternative basis to affirm the judgment in the court below.