546 A.2d 109

**COMMONWEALTH of Pennsylvania**

v.

**John A. SESTINA, Appellant.**

Superior Court of Pennsylvania.

Argued May 4, 1988.

Filed Aug. 12, 1988.

Petition For Allowance of Appeal Denied Jan. 12, 1989.

---

442

George N. Daghir, Saint Marys, for appellant.

Janice Haagensen, Assistant District Attorney, Shelburne, for Com., appellee.

Before CIRILLO, President Judge, and BECK and POPOVICH, JJ.

BECK, Judge:

Appellant was convicted by a jury of driving under the influence of alcohol[1] and of causing an accident involving damage to unattended vehicles or property.[2] The jury found that appellant, while driving with a blood alcohol content of over .10%, damaged a speed-limit sign, a mail box, and a utility pole. Appellant was sentenced to 48

1. 75 Pa.Cons.Stat.Ann. § 3731(a)(4) (Purdon 1987).
2. 75 Pa.Cons.Stat.Ann. § 3745 (Purdon 1987).

hours to six months in jail and was ordered to pay a $300 fine.

The record reveals that after the accident, appellant left the scene. He failed to leave any information identifying himself and failed to notify the police. Information provided by witnesses led the police to appellant's apartment, where appellant came outside to speak to the police. When speaking to appellant, the police officer smelled alcohol on appellant's breath. Appellant acknowledged that he had consumed a six pack of beer and had been involved in an accident. Appellant then consented to a blood alcohol test; the test resulted in a reading of .19% blood alcohol content.

Appellant raises the following issues on appeal: 1) whether the arresting officer lacked jurisdiction to arrest appellant; 2) whether the Commonwealth failed to prove jurisdiction by failing to establish that the offense occurred in Warren County; 3) whether appellant's statements to the police should have been suppressed pretrial because of the Commonwealth's failure to establish the corpus delecti; 4) whether appellant was denied his right to appeal because the opening and closing remarks were not transcribed; and, 5) whether the trial court erred in not allowing a defense witness to testify as to the amount of beer consumed by appellant in a certain bar. None of these claims are meritorious. We therefore affirm the judgment of sentence.

Appellant was arrested in Glade Township, situated in Warren County, by a member of the Warren Borough Police Department. Warren Borough is also situated in Warren County. Appellant argues that the Warren Borough arresting officer lacked jurisdiction to make the arrest in Glade Township because the officer had not properly obtained consent to act beyond his jurisdiction, Warren Borough. Appellant contends that the arresting officer's action violated the Municipal Police Jurisdiction Act, 42 Pa.Cons.Stat.Ann. § 8951 et seq. (Purdon 1982). This statute delineates the circumstances under which a municipal police officer may make an arrest beyond the territorial

limits of his primary jurisdiction. 42 Pa.Cons.Stat.Ann. § 8953 (Purdon 1982).

The Commonwealth asserts that the arrest of appellant was proper because authority for the Warren Borough arresting officer to act in Glade Township was valid under § 8953(a)(4). Under the Act an arresting officer may act outside of his or her jurisdiction:

[w]here the officer has obtained the prior consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which provides primary police services to a political subdivision which is beyond that officer's primary jurisdiction to enter the other jurisdiction for the purpose of conducting official duties which arise from official matters within his primary jurisdiction.

42 Pa.Cons.Stat.Ann. § 8953(a)(4) (Purdon 1982).

Glade Township does not have its own municipal law enforcement agency. Therefore, under the Act the "chief law enforcement officer" authorized to give consent is "the commanding officer of the Pennsylvania State Police installation which regularly provides primary police services" to the municipality. 42 Pa.Cons.Stat.Ann. § 8951 (Purdon 1982). Thus, the "chief law enforcement officer" in the instant case is the commanding officer of the Warren Barracks of the Pennsylvania State Police.

The Commonwealth points out that, in the instant case, consent was authorized not by the local commander of the Warren Barracks but instead by top officer of the Pennsylvania State Police, the Commissioner. In a declaration published in "The Pennsylvania Bulletin" Vol. 13, No. 8, February 19, 1983, the Commissioner granted the requisite consent in accordance with § 8953(a)(4) on behalf of the commanding officers of the local state police barracks throughout the state.

Appellant argues that the Commissioner had no authority under the statute to issue such global consent on behalf of the local commanders of state police barracks. According to appellant, unless an arresting officer obtains consent for

the arrest from the local commander of the police barracks, the arresting officer lacks authority to act outside of his own municipality. Specifically, appellant contends that in the instant case, the police officer's extraterritorial acts in Glade Township were done without proper consent. And since the police were acting without proper authority, appellant's statements to the police and the results of his blood test should have been suppressed. Appellant's arguments are based solely on his interpretation of the statute.

■ Appellant's contention, an issue of first impression in this Commonwealth, is meritless. The purpose of the statute is to permit municipal police officers to act outside of their territorial jurisdiction provided such officers obtain consent. It permits local government units without local police service to rely upon the resources of municipalities with police services so long as the state police within the jurisdiction consent. Although the statute delineates the method by which the local commander of the police barracks can authorize consent, it nowhere prohibits the Commissioner from giving consent on behalf of the local commander. Section 8953(a)(4) itself provides that the chief law enforcement officer of the local barracks, in this case the sergeant of the Warren police barracks, can authorize another person to give the requisite consent. The power to consent under this statute can be delegated along the chain of command of a law enforcement agency. *Commonwealth v. Ebersole*, 342 Pa.Super. 151, 155, 492 A.2d 436, 439 (1985). Thus, nothing in the statute would prevent the chief law enforcement officer of the State Police from giving the requisite consent on behalf of those under his authority.

Further, the statute must be liberally construed. *Ebersole*, 342 Pa.Super. at 153–155, 492 A.2d at 438. The purpose of the statute is to expand, not limit, the power of local police officers to make arrests outside of their primary jurisdictions. The goal is to foster effective working relationship among municipalities. *Ebersole*, 342 Pa.Super. at 153–155, 492 A.2d at 438. Enabling the State Police Com-

missioner to give consent under § 8953(a)(4) on behalf of the local state police barracks facilitates these statutory aims. The statute not only encourages cooperative relationships among municipalities, but also between local municipalities and the state police. The statute addresses administrative, intra-departmental practice for the state police. Appellant's interpretation of the statute is unpersuasive in light of the aims and purpose of the statute.

■ Appellant asserts that if the police officer was acting beyond his jurisdiction, then the evidence against appellant must be suppressed. Even if, arguendo, the arresting officer had no authority to arrest appellant outside of the officer's jurisdiction, suppression of evidence would not constitute a proper remedy. *Commonwealth v. Peppers,* 357 Pa.Super. 270, 273–274, 515 A.2d 971, 973 (1986), *Commonwealth v. Saul,* 346 Pa.Super. 155, 162, 499 A.2d 358, 361 (1985).

Appellant next contends that the trial court lacked jurisdiction to hear his case because the Commonwealth at trial did not establish that the crimes occurred in Warren County. At trial, the Commonwealth established that the accident occurred on Conewango Avenue at the intersection of Conewango and the south side of Quaker Hill Road, almost on the border of Warren Borough and Glade Township. As appellant correctly maintains, the Commonwealth neglected specifically to establish that the accident occured within the county of Warren. A court has no jurisdiction over an offense unless the offense occurred within the county in which the trial takes place. *Commonwealth v. Thomas,* 305 Pa.Super. 158, 451 A.2d 470 (1982). The burden to establish the court's jurisdiction is on the Commonwealth. *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 285, 206 A.2d 43 (1965).

Although appellant failed to make a specific objection to the court's jurisdiction below, his claim is not waived.[3] Jurisdiction may never be waived, and a jurisdiction claim

3. Appellant is represented on appeal by counsel different than that at trial.

may be presented at any stage. *Commonwealth v. Varner,* 265 Pa.Super. 329, 331–332, 401 A.2d 1235, 1236 (1979). Moreover, trial counsel entered a general demurrer to the evidence at the close of the Commonwealth's case. Such a demurrer serves to question the sufficiency of the evidence which includes the burden of the Commonwealth to establish proper jurisdiction. *Nailon,* 416 Pa. at 282, 206 A.2d at 44; *Varner,* 265 Pa.Super. at 331–332, 401 A.2d at 1236.

■ Under the facts of this case we cannot say that the Commonwealth failed to establish the county in which the offense occurred. At trial, the Commonwealth established the precise location of the accident. The identity of the intersection where the accident occurred was clearly Warren County. Appellant does not dispute that the offense did in fact occur at the intersection established by the Commonwealth. Neither does appellant raise any contention that the intersection at issue is not located in Warren County. It would have been better if the Commonwealth placed on the record with exactness the name of the county. However, a record statement of the county of the offense was only technically in issue as a necessary requirement for conferring jurisdiction on the trial court. *Varner,* 265 Pa.Super. at 331–332, 401 A.2d at 1236. Since the Commonwealth did establish a specific street and intersection location, the trial court would have been entitled to take judicial notice of the fact that the site of the offense was in Warren County. *Varner,* 265 Pa.Super. at 331–332, 401 A.2d at 1236. *See also Emert v. Larami Corp.,* 414 Pa. 396, 397, 200 A.2d 901, (1964); *Goff v. Armbrecht Motor Sales, Inc.,* 284 Pa.Super. 544, 630, 426 A.2d 628 (1980).[4]

■ Next, appellant complains that his statements to the police should have been suppressed pretrial because the Commonwealth failed to establish the corpus delicti. Appellant misapplies the corpus delicti rule by attempting to use

4. The trial court would have also been able to exercise its discretion, prior to submitting the case to the jury, to permit the Commonwealth to reopen its case to present additional evidence establishing the county. *Commonwealth v. Mathis,* 317 Pa.Super. 226, 232–233, 463 A.2d 1167, 1171 (1983).

the rule to invalidate his arrest. The rule is instead applicable at trial.[5] It prevents the Commonwealth from introducing a defendant's statements at trial until the Commonwealth has established that a crime has been committed by someone. The rule is rooted in a hesitancy to convict a person of a crime soley on the basis of that person's own statements. *Commonwealth v. DeLeon*, 276 Pa.Super. 36, 39–41, 419 A.2d 82, 84 (1980). Appellant cannot invoke the rule to invalidate his arrest.[6]

■ Appellant also claims that the trial judge erred by disallowing the testimony of a defense witness. Appellant attempted to call to the stand a witness who would allegedly testify that appellant drank two bottles of beer at one of the bars he visited on the night in question. The trial judge refused to admit this testimony on the grounds that it was irrelevant. Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a showing of a clear abuse of discretion and actual prejudice. *Commonwealth v. Sweger*, 351 Pa.Super. 188, 194–195, 505 A.2d 331, 334 (1986). The record shows that appellant had admitted consuming approximately a six-pack of beer at two

5. In appellant's statement of questions, he places the alleged error in applying the corpus delicti rule at the close of the Commonwealth's case. In his brief and below, appellant argues only that the statements should have been suppressed at the pretrial stage because the Commonwealth failed to establish the corpus delicti.

6. Even if framed and argued correctly, appellant's claim has no merit. Before introducing a defendant's statements at trial, the Commonwealth must show 1) an occurrence of specific injury or loss; 2) someone's criminality as the source of that injury or loss; and, 3) the identity of the accused as the doer. If the evidence points to someone's criminality, the Commonwealth need not exclude the possibility of accident in order to establish the corpus delicti. *DeLeon*, 276 Pa.Super. at 39–41, 419 A.2d at 84. At trial, the Commonwealth established that a telephone pole, mail box, and automobile were badly damaged. Commonwealth witnesses testified that an automobile resembling appellant's left the scene of the damage without reporting the accident or damage. Upon arrival at the appellant's apartment, the arresting officer oberved that the appellant smelled of alcohol and had watery eyes. The evidence was adequate to establish the corpus delicti. *See DeLeon*, 276 Pa.Super. 36, 419 A.2d 82; *Commonwealth v. Jones*, 242 Pa.Super. 471, 364 A.2d 368 (1976).

450

different bars in the hours preceding the accident. Thus, the proposed testimony had no probative value, except to corroborate that appellant did have two bottles of beer at one of the bars. This fact was never challenged by the Commonwealth. The proposed testimony had no value as evidence impeaching the credibility of the blood alcohol test, as appellant claims. Therefore, we find that the trial judge did not abuse his discretion in excluding the testimony.

■ Finally, appellant complains that he is entitled to a new trial because the court stenographer failed to record the opening and closing arguments at trial. As appellant correctly asserts, it is the Commonwealth's burden to produce a transcript for appellate review. *Commonwealth v. Shields*, 477 Pa. 105, 108–110, 383 A.2d 844, 846 (1978); *Commonwealth v. Goldsmith*, 452 Pa. 22, 29, 304 A.2d 478, 482 (1973). However, a defendant waives the claim that he was denied a transcript if he fails to request one in a timely manner. *Commonwealth v. Harper*, 292 Pa.Super. 192, 201, 436 A.2d 1217, 1222 (1981). Appellant failed to request at trial that the opening and closing statements be recorded and transcribed. Appellant has therefore waived this claim.

We affirm appellant's judgment of sentence.