J-S85025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY BOYLE | : | |
| | : | |
| Appellant | : | No. 920 WDA 2017 |

Appeal from the Judgment of Sentence May 27, 2017
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000093-2016

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 08, 2018**

Terry Boyle appeals from the judgment of sentence entered in the McKean County Court of Common Pleas following his misdemeanor conviction for driving under the influence ("DUI") and his summary conviction for maximum speed limits.[1] We affirm.

A Pennsylvania State Police Trooper, Ethan Rowe, was parked along State Route 770, a highway in Pennsylvania. The speed limit on that portion of road is 55 miles per hour. Trooper Rowe was using a radar gun to check the speed of passing vehicles when he observed Appellant's car traveling at 73 miles per hour. The trooper followed Appellant, and noticed Appellant's vehicle abruptly jerk over the highway's double yellow line before returning to the correct travel lane. Trooper Rowe activated his police cruiser's lights and

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3362(a)(2), respectively.

sirens to stop Appellant's car. After Appellant pulled over, the officer approached the driver's side window and noted an odor of alcohol emanating from the vehicle. Appellant's eyes were bloodshot, and he admitted he had consumed a few drinks. Trooper Rowe conducted field sobriety testing. Appellant showed several signs of intoxication, and was subsequently arrested.

Appellant proceeded to a bench trial. Trooper Rowe testified, and the Commonwealth entered into evidence the police dashboard camera video taken of the incident. Appellant did not present any evidence. The court convicted Appellant of DUI and maximum speed limits, and acquitted him of two other summary traffic offenses. The court sentenced Appellant to six months of probation. He filed a timely notice of appeal, and this case is now before us.

Initially, we note that Appellant's brief suffers from innumerable errors. Principally, Appellant has failed to include even a single legal citation in his second argument, alleging the Commonwealth was inappropriately permitted to reopen its case after it rested. Appellant advances merely a half-page summary of the case, followed by a single line asking this Court to reverse Appellant's judgment of sentence. **See** Appellant's Brief, at 12. In light of Appellant's failure to present adequate argument on this issue, we find it is waived. **See**, **e.g.**, **Commonwealth v. Simmons**, 56 A.3d 1280, 1286 (Pa. Super. 2012) (finding argument in appellate brief which lacked citations to

pertinent authority waived issue for this Court's review under Pa.R.A.P. 2119(a)).

Appellant also offers a disorganized argument that the Commonwealth "failed to present sufficient evidence of the venue of the offense." Appellant's Brief, at 11. We interpret this as Appellant's challenge to the trial court's jurisdiction over the case, given his assertion that the Commonwealth failed to show the DUI stop occurred in McKean County. Though he neglects to cite to the Pennsylvania Rules of Evidence, Appellant specifically contests the trial court's decision to take judicial notice over the location of the intersection where the Commonwealth alleged the traffic stop took place. To the extent Appellant presents such an argument, his claim is without merit.

"A court has no jurisdiction over an offense unless the offense occurred within the county in which the trial takes place." ***Commonwealth v. Sestina***, 546 A.2d 109, 112 (Pa. Super. 1988) (citation omitted).

A court may take judicial notice of a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction[.]" Pa.R.E. 201(b)(1). A court "may take judicial notice at any stage of the proceeding." Pa.R.E.201(d). "Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary." ***Commonwealth v. Brown***, 839 A.2d 433, 435 (Pa. Super. 2003) (citation omitted). Subjects appropriate for judicial notice include the county in which a town or city is located, as well as the location of roads and

highways. *See Commonwealth v. Varner*, 401 A.2d 1235, 1236 (Pa. Super. 1979).

Instantly, the court watched the video taken from the police cruiser's dashboard camera, and listened to the recording of Trooper Rowe stating he was conducting a traffic stop where State Routes 770 and 646 intersected. *See* N.T. Trial, 4/3/17, at 31. The court also noted Appellant asserted on tape he was traveling to Bordell Road in Bradford, on Route 219. *See id*. Though the Commonwealth did not offer evidence specifically affirming the stop occurred in McKean County, the court chose to take judicial notice that the intersection of State Routes 770 and 646 is within McKean County. Appellant did not present any evidence to dispute the location of these roads.

Thus, the court did not err in taking judicial notice that the intersection of State Routes 770 and 646 is within McKean County. The Commonwealth presented sufficient evidence to show the stop occurred in McKean County, and was therefore within the trial court's jurisdiction. Appellant is due no relief on this claim. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018